**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**Flint Division**

| | |
|---|---|
| In re: | Bankr. Case No.: 18-31081-jda |
| ABBY RAE HOLMES, | Chapter 13 |
| Debtor. | Honorable Joel D. Applebaum |

_____/

| | |
|---|---|
| ABBY RAE HOLMES, | Adv. Proc. No.: 21-03030-jda |
| Plaintiff, | |
| v. | |
| NAVIENT PC TRUST, | |
| Defendant. | |

_____/

**STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN**
**PLAINTIFF AND NAVIENT SOLUTIONS, LLC**

Plaintiff, Abby Rae Holmes ("Plaintiff"), and Defendant, Navient Solutions, LLC

("Navient"), on behalf of itself and named Defendant "Navient PC Trust", by and through

counsel, hereby stipulate as follows:

1.      On April 27, 2018, Plaintiff filed a voluntary petition for relief under Chapter 13

of the United States Bankruptcy Code.

2.      On September 30, 2021, Plaintiff filed a Complaint, naming, _inter alia_, "Navient

PC Trust" as a Defendant, seeking a discharge of educational loan debt pursuant 11 U.S.C.

§523(a)(8).

3.      On October 28, 2021, Navient filed its Answer to Plaintiff's Complaint.

4. Plaintiff is indebted to Navient pursuant to the applicable terms of three (3) Promissory Notes ("Notes") executed by Plaintiff to obtain educational loans ("Educational Loans") with approximate balances, on or around September 30, 2021, as follows:

    a. one (1) Signature Student Loan disbursed September 4, 2007, with a balance, including principal, interest and fees, totaling $36,630.12;

    b. one (1) Signature Student Loan disbursed September 9, 2008, with a balance, including principal, interest and fees, totaling $28,727.90; and

    c. one (1) Signature Student Loan disbursed September 9, 2009, with a balance, including principal, interest and fees, totaling $34,141.89.

5. As of the date of the filing of this adversary proceeding, there was a balance due and owing on the Educational Loans evidenced by the Promissory Notes, including principal, interest and fees, in the aggregate amount of $99,499.91 ("Outstanding Balance"), with a variable interest rate, and with interest accruing thereafter pursuant to the Promissory Notes.

6. The Outstanding Balance is currently due and owing on the Promissory Notes, and the educational loans evidenced by the Promissory Notes are non-dischargeable educational loans, pursuant to 11 U.S.C. §523(a)(8).

7. For so long as Plaintiff does not default under this Stipulation, the balance shall be reduced to $75,000.00 ("Reduced Balance"), and the variable interest rate shall be reduced to a fixed rate of 1% ("Reduced Interest"), and Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $241.23 per month for a period of three-hundred-sixty (360) consecutive months. The first payment is due to be received by Navient within sixty (60) days of either discharge or dismissal of the Plaintiff's underlying bankruptcy case, and payments shall continue on the seventeenth (17th) day of each consecutive month thereafter.

8.      In order to effectuate this agreement, within thirty (30) days after either dismissal or discharge of the plaintiff's underlying bankruptcy case, the Plaintiff shall contact Navient and provide notice of the impending start date.  In order to do so, the Plaintiff must contact a Supervisor or Manager in Navient's Bankruptcy Litigation Unit, who may be reached at 1-800-251-4127, or at any other telephone number provided by Navient in writing, or in response to a specific borrower inquiry, and produce a copy this entered Stipulation and a copy of the entered Order of Dismissal or entered Order of Discharge.  All documents which are to be provided pursuant to this paragraph shall be mailed to, "**Navient Solutions, LLC, C/O Petra Shipman, 11100 USA Parkway, Bankruptcy Litigation, MC-M549, Fishers, IN 46038**," or to any other address provided to the Plaintiff by Navient in writing.  The Plaintiff understands that if she fails to provide such notice, or if such notice is not directed as specified in this Paragraph, that implementation of the terms of this Stipulation may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

9.      All payments pursuant to this Stipulation shall note the Plaintiff's ten-digit account number, ******9476 (redacted here for privacy reasons) on the payment and shall be mailed to "**Navient Solutions, LLC, P.O. Box 9000, Wilkes-Barre, PA 18773-9000.**"

10.      The following shall be Events of Default hereunder:

(a)      Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date, without securing Navient's agreement to a forbearance of such payment(s); or

(b)      the Plaintiff fails to provide notice of discharge or dismissal to Navient pursuant to paragraph 8 above; or

(c)      Plaintiff commences any further legal proceedings against Navient, its successors or assigns, seeking to discharge student loan debt.

11.     Upon the occurrence of an Event of Default under this Stipulation, any forgiveness of the principal and interest is revoked, and Plaintiff will be liable for the full amount of the Outstanding Balance plus interest pursuant to the applicable terms of the Promissory Notes (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal).

12.     There is no penalty for prepayment under this Stipulation, but any prepayment, unless it is payment in full, does not relieve the Plaintiff of the obligation to make ongoing monthly payments.

13.     In the event the Plaintiff, pursuant to applicable Navient policy and the terms of the Promissory Notes, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

14.     Should any issues arise, related to billing or repayment of loans subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to loans subject to this agreement are not in accordance with this Stipulation, the Plaintiff agrees that such issues should be directed to a Supervisor or Manager in Navient's Bankruptcy Litigation Unit, who may be reached at 1-800-251-4127, or to any other telephone number provided by Navient in writing, or in response to a specific borrower inquiry.  The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner specifically in accordance with this Stipulation.

15.     Navient retains the right to receive its *pro rata* distribution on its allowed general unsecured claims under the Plaintiff's Chapter 13 Plan based upon the full amount of its general

unsecured claims, and its general unsecured claims will not be reduced or affected by this Stipulation in Settlement. In the event the settlement funds paid pursuant to this Stipulation in Settlement and the *pro rata* distribution total more than 100% of Navient's claim amounts as filed, all overages will be returned to the Plaintiff by Navient.

16. In the event that the Plaintiff's bankruptcy case is converted to a Chapter 7, Chapter 11, or the Plaintiff obtains a hardship discharge, Plaintiff shall begin to make payments toward the Reduced Balance at the Reduced Interest rate, per this Stipulation, as described in Paragraph 7, on the 17th day of the month following the date of conversion or hardship discharge. Should the Plaintiff fail to make the required first payment on the 17th day of the month following the date of the conversion or hardship discharge, then the Plaintiff shall be in Default and any forgiveness of the principal and interest is revoked, and Plaintiff will be liable for the full amount of the Outstanding Balance plus interest pursuant to the applicable terms of the Promissory Notes (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal). Paragraphs 10 and 11 above shall also apply as to any payments due after a conversion or hardship discharge.

17. Upon payment in full of the Reduced Balance at the Reduced Interest rate, as described in Paragraph 7 or Paragraph 16 above, any remaining liability of the Plaintiff only arising from the Plaintiff's Promissory Notes shall be included in the general discharge to be entered in the Plaintiff's main bankruptcy case.

18. In the event that the Plaintiff's bankruptcy case is dismissed or discharge is denied or revoked, the terms of this Stipulation in Settlement are no longer in effect and any forgiveness of the principal and interest is revoked, and the Plaintiff will be liable for the full amount of the

Outstanding Balance plus interest pursuant to the applicable terms of the Promissory Notes (less any payments made hereunder which, following dismissal of the bankruptcy case or denial or revocation of discharge, shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal), in addition to any other remedies permitted under the applicable terms of the Promissory Notes.

19.     Except as provided in this Stipulation, all other terms of the Promissory Notes remain in effect and are hereby incorporated by reference.

20.     Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

21.     This Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

22.     The parties agree to a dismissal of Navient Solutions, LLC and "Navient PC Trust" as Defendants in this adversary proceeding, subject to the terms of this Stipulation.

WHEREFORE, the parties pray this Honorable Court for an Order approving this Stipulation and dismissing Navient Solutions, LLC and Navient PC Trust from the above-captioned adversary proceeding.


By: _/s/ Steven J. Cohen_____
Steven J. Cohen (P45140)
Lipson Neilson P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
Telephone: (248) 593-5000.
Facsimile: (248) 593-5040
Email: SCohen@lipsonneilson.com
Attorneys for Defendant, Navient Solutions, LLC


By: _/s/ Ryan Moran_____
Ryan Moran, Esquire (P70753)
25600 Woodward Ave.
Suite 201
Royal Oak, MI 48067
(248) 246-6536
Fax : (248) 246-7249
Email: ecf@moranlawoffice.com
Attorneys for Plaintiff, Abby Rae Holmes

Dated: December 10, 2021

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**Flint Division**

In re:                                          Bankr. Case No.:  18-31081-jda

ABBY RAE HOLMES,                                Chapter 13

       Debtor.                                Honorable Joel D. Applebaum

_____/

ABBY RAE HOLMES,                                Adv. Proc. No.:  21-03030-jda

       Plaintiff,

v.

NAVIENT PC TRUST,

       Defendant.

_____/

## ORDER APPROVING STIPULATION IN SETTLEMENT OF ADVERSARY PROCEEDING BETWEEN PLAINTIFF AND NAVIENT SOLUTIONS, LLC

Upon consideration of the Stipulation in Settlement of Adversary Proceeding ("Stipulation"), between the Plaintiff, Abby Rae Holmes ("Plaintiff"), and Navient Solutions, LLC ("Navient"), on behalf of itself and named defendant "Navient PC Trust", it is

ORDERED, that the Stipulation is hereby approved and made an Order of this court, and it is further,

ORDERED that Navient Solutions, LLC and Navient PC Trust are hereby dismissed from this Adversary Proceeding, subject to the terms and conditions of the Stipulation and this Order.

Exhibit 1